# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| THOMAS BRYANT, JR. | * |
| Petitioner, | * |
| | * CV 401-112 |
| v. | * (underlying CR 497-182) |
| | * |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

## ORDER

In 1998, the Honorable B. Avant Edenfield sentenced Defendant Thomas Bryant, Jr. to serve life plus 300 years in prison following his conviction at trial for one count of conspiracy to aid and abet the distribution of cocaine, two counts of attempting to aid and abet the distribution of cocaine, one count of selling a stolen firearm, one count of providing a firearm to a convicted felon, one count of distributing cocaine, and two counts of carrying a firearm during a drug trafficking crime.[1] In 2001, Bryant filed the instant habeas case seeking relief under 28 U.S.C. § 2255. Judge Edenfield denied the habeas petition on August 13, 2001, and the case was closed.

---

[1] The Court subsequently reduced Bryant's sentence to a total of 592 months in prison following applicable amendments to the United States Sentencing Guidelines. (Order of Sept. 8, 2015, Crim. Case No. 497-182, Doc. 249 (Bowen, J.).)

On April 18, 2018, Bryant filed a motion to reopen this habeas proceeding, citing Federal Rule of Civil Procedure 60(b)(6). The case was subsequently reassigned to the undersigned judge.

In the habeas context, Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Gonzalez v. Crosby, 545 U.S. 524, 528-29 (2005). A habeas petitioner must show "extraordinary circumstances" to justify the reopening of a § 2255 case. Arthur v. Thomas, 739 F.3d 611, 628 (11th Cir. 2014). Here, Bryant does not assert that a prior ruling of this Court was erroneous; in fact, he admits that he is "guilty of those charges I was convicted of" in a follow-up letter to the undersigned. (Doc. 29, at 6.) Rather, Bryant attempts to persuade the Court that his sentence is simply too harsh and that he has rehabilitated himself to the extent that he should be afforded leniency or even clemency. Because Bryant has not asserted any ground upon which this Court should revisit or reconsider the issues raised in his § 2255 petition, his motion to reopen this habeas proceeding (doc. 26) is hereby **DENIED**.

Addressing Bryant's plea to reduce his sentence, the Court cannot reduce a sentence once it has been imposed except under three limited exceptions, none of which apply here. See 18 U.S.C. § 3582(c)(2). This Court has no other broad inherent or residual power to reduce sentences. United States v. Phillips, 597 F.3d

2

1190, 1194-95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute.").

Nevertheless, Bryant cites a decision out of the Eastern District of New York to support his supplication - United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). In the Holloway case, the United States Attorney for the Eastern District of New York, upon the entreaty of the sentencing judge, vacated two of Holloway's three 18 U.S.C. § 924(c) convictions because the resulting sentence was unjustly severe. Id. at 314-15. The United States Attorney also noted Holloway's "extraordinary" record while in the custody of the Bureau of Prisons. Id. at 315. Importantly, the Holloway court observed that its decision was not a threat to the rule of finality: "There are no floodgates to worry about; the authority exercised in this case will be used only as often as the Department of Justice itself chooses to exercise it, which will no doubt be sparingly." Id. at 316.

Finality of criminal sentences is a hallmark principle of our judicial system. See Johnson v. United States, 544 U.S. 295, 309 (2005) ("[T]he United States has an interest in the finality of sentences imposed by its own courts."); Teague v. Lane, 489 U.S. 288, 309 (1989) ("Without finality, the criminal law is deprived of much of its deterrent effect.") Even the Holloway court recognized that there were "no legal avenues or bases for vacating"

3

Holloway's sentence. 68 F. Supp. 3d at 314. Rather, the sentence reduction in Holloway depended entirely upon the acquiescence of the Government, *i.e.*, by and through the prosecutorial prerogative of the Department of Justice.

In this case, the Government has made clear that it does not consent to granting relief to Bryant. Without the Government's involvement, Holloway has no application here. Further, the Court is constrained to note that Holloway is a district court decision and has no binding effect on this Court. Nor did Holloway create an actionable new right under federal law. The Eleventh Circuit has not even addressed the so-called Holloway Doctrine. Simply put, Holloway in no way controls this Court's ability or inclination to reduce Bryant's sentence. Accord United States v. Horton, No. 2:12-CR-00007-F1, 2016 U.S. Dist. LEXIS 78611 (E.D.N.C. June 16, 2016) (observing that the Holloway Doctrine is not so much a doctrine as it is "a single case carrying no precedential weight in this court").

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of October, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA